*304 MAY, Judge,
dissenting.
I believe the trial court correctly excluded all testimony by the police officers because the Sixth Amendment violation arising from the prosecution’s interference with the relationship between Taylor and his counsel requires it. I must therefore respectfully dissent.
The majority notes, in addressing Taylor’s Sixth Amendment argument, “Taylor has not, at this point, demonstrated prejudice,” (op. at 302), and then states, without citation to authority, “we cannot presume prejudice from the eavesdropping.” (Id.) I would decline to so hold, because I believe we can presume prejudice, without Taylor having an obligation to demonstrate it.
The State offers no authority to directly support the premise prejudice may not be presumed from egregious police behavior like that in the case before us, and I am aware of no such holding in any Indiana decision.
In fact, at least one decision from this court suggests prejudice is presumed. See Ingram v. State, 760 N.E.2d 615, 618 (Ind.Ct.App.2001) (“The sole issue is whether the trial court abused its discretion by finding that the State rebutted the presumption of prejudice to Ingram resulting from the police videotaping and audiotaping private conversations between Ingram and his attorney.”) (emphasis added), trans. denied. In Ingram, we said:
Neither Ingram nor the State differentiates between prejudice resulting from the recording of the attorney-client conferences and prejudice resulting from the taping of the interview with the detectives. Much of the prejudice alleged by Ingram does not specifically result from the taping of the attorney-client conferences. Regardless, the State demonstrated sufficient evidence to rebut the presumption of prejudice.
Id. at 620 (emphasis added).
Other jurisdictions have agreed prejudice may be presumed.[7] I believe we may, and should, presume prejudice from the egregious behavior in the case before us, which presumption the State has not rebutted.
The Washington Supreme Court addressed a similar situation in State v. Fuentes, 179 Wash.2d 808, 318 P.3d 257 (2014). It noted a defendant’s constitutional right to the assistance of counsel “unquestionably includes the right to confer privately with his or her attorney,” id. at 262, and that in a prior decision prejudice had been presumed from a sheriffs eavesdropping on conversations between a *305 defendant and his attorney during trial. Id. (citing State v. Cory, 62 Wash.2d 371, 882 P.2d 1019 (1963)).[8]
The Fuentes Court went on to determine the presumption of prejudice was, however, rebuttable: “[w]hile eavesdropping on attorney-client conversations is an egregious violation of a defendant’s constitutional rights and cannot be permitted, there are rare circumstances where there is no possibility of prejudice to the defendant.” Id.
When there is such police eavesdropping, the Fuentes Court determined, the State has the burden to show beyond a reasonable doubt that the defendant was not prejudiced:
The constitutional right to privately communicate with an attorney is a foundational right. We must hold the State to the highest burden of proof to ensure that it is protected.... The State is the party that improperly intruded on attorney-client conversations and it must prove that its wrongful actions did not result in prejudice to the defendant. Further, the defendant is hardly in a position to show prejudice when only the State knows what was done with the information gleaned from the eavesdropping. The proper standard the trial court must apply is proof beyond a reasonable doubt with the burden on the State.

Id.

The record does not reflect the State rebutted the presumption Taylor was prejudiced. As in Fuentes, Taylor “is hardly in a position to show prejudice when only the State knows what was done with the information gleaned from the eavesdropping.” Id. “The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.” Glasser v. United States, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680 (1942), reh’g denied,[9]
The State represented before the trial court that it asked the officers whether the evidence collected after the eavesdropping “was obtained due to a conversation between [Taylor] and his attorney or as a result of information that may, have been obtained through a conversation between [Taylor] and his attorney,” (Tr. at 299), and that there was an independent source for every piece of such evidence. But the trial court correctly noted that in light of the officers’ invocation of the Fifth Amendment,, Taylor could not obtain any information about what the police overheard, who was listening, who was told about the conversation, and what the police and prosecutor did with the information they obtained from the eavesdropping.
I believe the State was obliged to show beyond a reasonable doubt that Taylor was not prejudiced, and it did not do so. The trial court properly barred the officers who asserted their Fifth Amendment rights from testifying at trial, and I would therefore affirm.

. Some courts have determined that in a situation like the one before us, no prejudice need be shown. See, e.g., Graddick v. State, 408 So.2d 533, 546 (Ala.Crim.App.1981) writ quashed, 408 So.2d 548 (Ala.1982), cert. denied sub nom. Alabama v. Graddick, 458 U.S. 1106, 102 S.Ct. 3483, 73 L.Ed.2d 1366 (1982):
In the case at bar it is impossible to ascertain the exact amount of tactical advantage the State gained from the Williams intrusion into the Beck-appellant conversation. Defense strategy was definitely discussed and damaging information to appellant's case came out during the meeting. To what extent appellant was actually prejudiced by the intrusion can never be known with certainty. However, that question need not be decided in determining a violation of Sixth Amendment rights. In accordance with [United States v. Levy, 577 F.2d 200, 209 (3rd Cir.1978)], our inquiry into prejudice must, stop at the point where attorney-client, confidences are actually disclosed to the government, enforcement, agencies responsible for investigating and prosecuting the case.
(Emphasis added.) And see generally Robin Cheryl Miller, Annotation, Propriety of Governmental Eavesdropping on Communications between Accused and His Attorney, 44 A.L.R.4A 841 (1986).

. The Cory Court determined "the shocking and unpardonable conduct of the sheriffs officers, in eavesdropping upon the private consultations between the defendant and his attorney, and thus depriving him of its [sic] right to effective counsel, vitiates the whole proceeding. The judgment and sentence must be set aside and the charges dismissed.” 382 P.2d at 1023.

. Glasser was superseded by rule on other grounds: “[t]o the extent that Glasser meant that courts could not look to the hearsay statements themselves for any purpose, it has clearly been superseded by Rule 104(a).” Bourjaily v. United States, 483 U.S. 171, 181, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987).